# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

| | |
|---|---|
| **MARK BURROUGHS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| **PERFORMANT RECOVERY, INC.** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

For his Complaint against Defendant Performant Recovery, Inc. ("Performant"), Plaintiff Mark Burroughs ("Plaintiff" or "Burroughs") states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of Tuscaloosa County, Alabama.

2. Performant is a California corporation with a principal place of business in a State other than Alabama. Its agent for service is CT Corporation System, 2 North Jackson Street, Ste. 605, Montgomery, Alabama 36104. Performant is continuously doing business in Alabama and has systematic contacts with Alabama. In addition, Performant undertook acts or committed omissions in the State of Alabama with respect to its dealings with Plaintiff.

3. This action arises under the laws of the United States, conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1331. In addition, as to any state-law claims, there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs, making jurisdiction proper under 28 U.S.C. § 1332. To the extent there is not jurisdiction under the preceding sentence, this Court would have supplemental jurisdiction of such claims under 28 U.S.C. § 1367.

4. Venue is proper in this judicial district, in that the acts and omissions complained of herein occurred in this judicial district.

## FACTS

5. In 1990, Plaintiff was sued by DeVry University ("DeVry") in the District Court of Tuscaloosa County (DV 1990-1254) on an educational debt of his then-wife. DeVry obtained a judgment in that case against Plaintiff. The certificate of judgment was re-recorded in January of 2008, creating a judgment lien.

6. In 2010, Plaintiff's ex-wife satisfied the judgment by check payable to Cloud & Tidwell, LLC ("C&T"), the law firm attempting to collect the judgment. C&T memorialized the satisfaction of the judgment by filing a Release of Recorded Lien in the Probate Records of Tuscaloosa County.

7. In late 2016, despite the judgment having been completely satisfied, Performant, which is engaged in the business of consumer debt collection on debts owed to another, commenced garnishment proceedings against Plaintiff on his wages (Plaintiff works for Mercedes-Benz U.S. International, Inc.). Performant collected substantial money from Plaintiff in that process.

8. In late January of 2017, Cal Wilson, an attorney in Tuscaloosa, Alabama representing Plaintiff, sent a letter to Performant (Exhibit 1 hereto), notifying Performant that it was attempting to collect on a satisfied judgment. Mr. Wilson attached to his letter copies of the Release of Recorded Lien and other supporting documents. Mr. Wilson demanded that Performant refund all amounts collected and cease further collection activity. Performant then ceased further garnishment at the time. However, Performant did not refund the collected money to Plaintiff.

9. In the Summer of 2017, despite having been provided substantiating proof that the debt was satisfied, Performant re-commenced garnishment activity against Plaintiff. Performant has collected additional money from Plaintiff's employer, intercepting his wages, without any justification and with full knowledge that the DeVry judgment had been satisfied years before.

10. Plaintiff has lost substantial money as a proximate result of Performant's wrongful garnishment activity - Performant has wrongfully garnished over $3,000 in wages from Plaintiff. Plaintiff has also suffered mental anguish and distress, even having to hire multiple lawyers to remedy this wrongful activity.

## **COUNT ONE – FDCPA**

11. Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

12. Performant is engaged primarily in the business of collection of consumer debt owed to another, and thus is a debt collector for purposes of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a.

13. Performant has violated section 1692f(1) of FDCPA by attempting to collect amounts not owed by Plaintiff.

14. As a proximate result of Performant's violation, Plaintiff has suffered actual damages (in the form of lost money and mental anguish damages), and also seeks recovery of statutory damages, under 15 U.S.C. § 1692k(a). Further, Plaintiff seeks recovery of attorneys' fees and costs of this action, pursuant to the same section.

WHEREFORE, Plaintiff demands judgment against Performant in an amount of actual and statutory damages to be assessed by the trier of fact, for recovery of attorneys' fees and costs, for pre-judgment and post-judgment interest, and for such further relief which may be allowed by law.

**COUNT TWO – OUTRAGE**

15. Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

16. By refusing to refund the garnishment amounts collected from Plaintiff, and by renewing garnishment efforts after receiving actual notice (via Mr. Wilson) that the Devry judgment was completely satisfied, Performant has engaged in outrageous conduct utterly intolerable in a civilized society.

17. As a proximate result of such conduct, Plaintiff has suffered extreme emotional distress and suffered further additional economic damages.

18. Performant's conduct was and is intentional, malicious, and reckless, thus warranting the imposition of punitive damages.

WHEREFORE, Plaintiff demands judgment against Performant in an amount of compensatory and punitive damages to be assessed by the trier of fact, for pre-judgment and post-judgment interest, and for such further relief which may be allowed by law.

**COUNT THREE – WRONGFUL GARNISHMENT**

19. Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

20. Plaintiff owed no debt to Performant or to any other party concerning the DeVry judgment at the time Performant commenced garnishment proceedings in late 2016.

21. Nevertheless, Performant commenced garnishment proceedings against Plaintiff and collected substantial money from Plaintiff – then refused to refund those monies after being notified that the garnishment activity was wrongful and that the DeVry judgment had been satisfied.

22. By re-commencing garnishment efforts after being notified that the debt was not owed, Performant has attempted to garnish Plaintiff solely for the purpose of harassment, and not for any legitimate collection purpose.

WHEREFORE, Plaintiff demands judgment against Performant in an amount of compensatory and punitive damages to be assessed by the trier of fact, for pre-judgment and post-judgment interest, and for such further relief which may be allowed by law.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury.

/s/   Wilson Green
Attorney for Plaintiff

**OF COUNSEL:**
Wilson F. Green
**Fleenor & Green LLP**
1657 McFarland Blvd. N., Suite G2A
Tuscaloosa, Alabama 35406
(205) 722-1018
wgreen@fleenorgreen.com

**SERVICE INFORMATION:**

Performant Recovery, Inc.
c/o CT Corporation System
2 North Jackson St. Ste. 605
Montgomery, Alabama 36104